**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                              No. 96-4529

ROBERT B. WILKINS, JR.,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-95-520-A)

Submitted: November 25, 1997

Decided: January 21, 1998

Before ERVIN, HAMILTON, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert B. Wilkins, Jr., Appellant Pro Se. Robert Andrew Spencer,
OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert B. Wilkins, Jr., was found guilty by a jury of five counts of mail fraud and five counts of using an unauthorized access device (credit card fraud). See 18 U.S.C. #8E8E # 1341, 1029(a)(2) (1994). Evidence at trial revealed that Wilkins had fraudulently applied for five credit cards (from five different companies) using the name Kristine Wolfe, obtained a duplicate card on each account in his name as Wolfe's spouse (they were not married), and then made charges totaling $84,694.13. The district court sentenced him to eighteen months of imprisonment. He appeals his conviction and sentence and alleges that the district court erred because it: (1) denied his motions for mistrial, (2) allowed testimony from witnesses whose testimony allegedly conflicted with their grand jury and other pretrial testimony, (3) made unspecified incorrect evidentiary rulings, and (4) improperly calculated "loss" under USSG§ 2F1.1.[1] For the reasons that follow, we affirm his convictions and sentence.

We find no merit to Wilkins' first three issues. Even if we were to find the prosecutor's comments made during closing arguments improper, Wilkins cannot show that his substantial rights were prejudiced such that he was deprived of a fair trial. See United States v. Curry, 993 F.2d 43, 45 (4th Cir. 1993). The comments were isolated, did not mislead the jury, and the strength of the evidence supporting Wilkins' guilt, in the absence of the remarks, was substantial. Id. at 45-46. Regarding his second and third issues, Wilkins has failed to provide this court with any basis for his claims that the district court allowed untruthful testimony and has also failed to specify which evidentiary rulings he alleges are erroneous. We note that the Government did provide defense counsel with Jencks Act and Brady materials[2]

---

**1** **U.S. Sentencing Guidelines Manual** ("USSG") § 2F1.1 (1995).
**2** See 18 U.S.C. § 3500(c) (1994) (Jencks Act requires the government to provide, after direct examination of a prosecution witness, any statement by the witness in possession of the prosecution which relates to the subject matter of the testimony); Brady v. Maryland, 373 U.S. 83 (1963) (requiring the Government to disclose exculpatory evidence prior to trial).

2

and that his trial counsel had an opportunity to cross-examine witnesses.

A district court's finding of amount of loss is generally a factual question reviewed for clear error. See United States v. Chatterji, 46 F.3d 1336, 1340 (4th Cir. 1995). Each case is decided on its own facts. See United States v. Mancuso, 42 F.3d 836, 849 (4th Cir. 1994). The district court did not clearly err by determining that the intended loss was in excess of $70,000 and therefore that his offense level should be increased by six. See USSG § 2F1.1(b)(1)(G). The evidence at the trial and sentencing hearing revealed that Wilkins fraudulently applied for and obtained credit cards in Wolfe's name and then charged over $84,000 on the cards. Based on the evidence before it, the district court found that the intended loss was in excess of $70,000. See Chatterji, 46 F.3d at 1340; USSG § 2F1.1 comment. (n.7(b)(1)) ("where intended loss is greater than actual loss, the intended loss is to be used"); § 2F1.1 comment. (n.8) ("[f]or purposes of subsection (b)(1), the loss need not be determined with precision"). Accordingly, because we find no merit to Wilkins' claims on appeal, we affirm his convictions and sentence.[3] We also deny Wilkins' motion to reconsider the denial of his motion for bail.

AFFIRMED

_____

[3] Wilkins only objects to the district court's loss calculation of his sentence under USSG § 2F1.1(b).

3